UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allyessa Tefft, individually and as the natural parent of B.M.T., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company, et al.,<br><br>Defendants. | Case No. 2:23-cv-00520-JAD-DJA<br><br>**Order** |

Before the Court is State Farm Fire Mutual Automobile Insurance Company's motion for a blanket protective order governing the parties' exchange of information (ECF No. 35) and Plaintiffs' countermotion to compel (ECF No. 39). The parties disagree on whether a blanket protective order is necessary. And to the extent it is, the parties disagree on certain provisions of the blanket protective order.

State Farm has also postponed responding to certain discovery pending the Court's ruling on the language of the blanket protective order. Plaintiffs argue in their countermotion that State Farm has failed to produce responses to discovery that would not be governed by the protective order. State Farm argues that Plaintiffs never raised this issue and that their motion to compel is mooted because State Farm has since produced the documents.

Because the Court finds that a blanket protective order is appropriate in this case, it grants State Farm's motion for one. It will further require that the parties meet and confer and submit a stipulated blanket protective order with the language the Court specifies in this order. Because State Farm has already produced the documents Plaintiffs moved to compel, and it does not appear that Plaintiffs met and conferred before bringing their motion to compel, the Court denies Plaintiffs' countermotion to compel as moot.

I.      Legal standard.

Federal Rule of Civil Procedure 26(c) governs protective orders. Fed. R. Civ. P. 26(c). It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). There are three types of protective orders in federal practice. *Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015). The first—protective orders—protect a person from producing information in response to a discovery request. *See, e.g.*, Fed. R. Civ. P. 26(b)(2), (c)(1)(A), (c)(1)(C)-(E). The second—sealing orders—protect a person's privacy interests by preventing the public from accessing court records. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(F)-(H). The third—blanket protective orders—are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(c) requires the moving party to make a "particularized showing" of Rule 26(c)(1)'s enumerated harms. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(c). However, because protective orders, sealing orders, and blanket protective orders serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs. *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1. So, a party cannot successfully oppose the entry of a blanket protective order by raising concerns about the public's right of access to judicial records or unsubstantiated fears that the party seeking the protective order is trying to avoid discovery.

Concerns about the public's right of access to judicial records are unsuccessful to oppose a blanket protective order because reliance on a blanket protective order does not justify the sealing of a court document. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). A blanket protective order governs discovery, which occurs out of court. *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1. The public has no right to demand access to discovery materials that are solely in the hands of private party litigants. *Id.*

Unsubstantiated concerns that the party seeking the protective order is trying to avoid discovery are also unsuccessful to oppose a blanket protective order. Blanket protective orders

are designed to expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosure. *See id.* These orders are intended to facilitate the exchange of discovery documents, not prevent it, and typically make no findings that a particular document is confidential or that a document's disclosure would cause harm. *See Small v. University Medical Center of Southern Nevada*, No. 2:13-cv-00298-APG-PAL, 2015 WL 1281549, at *3 (D. Nev. March 20, 2015).

## II. Discussion.

As a preliminary matter, the Court finds that State Farm has shown good cause for a blanket protective order to govern the exchange of confidential information in this case. State Farm is not seeking to avoid responding to any particular discovery requests or to seal any filed documents.[1] So, the parties arguments regarding particularized harm are inapposite and the Court does not consider them. Instead, the Court will address the parties' disagreements regarding the language to be included in the blanket protective order dispute-by-dispute. The Court will require the parties to meet and confer and stipulate to a protective order containing the language the Court references below.

### A.   *Individuals to whom parties may disclose confidential information.*

State Farm proposes that certain individuals be permitted to receive confidential information. (ECF No. 35 at 12-13). Plaintiffs do not oppose or address this language in their response. This leads the Court to believe that the parties did not dispute this language. The parties must include the language that State Farm provides on page 6 of its proposed protective order—governing the individuals to whom parties may disclose confidential information—in their stipulated protective order. (ECF No. 35-1 at 6).

---

[1] The Court notes that State Farm does raise specific discovery requests. But while State Farm points out that Plaintiffs' requests for production numbers 8, 9, and 21 would require State Farm to produce information it deems confidential, State Farm does not seek a protective order to prevent it from having to respond to these requests. Instead, it seeks a blanket protective order to facilitate its response.

### B.  Definition of confidential information.

State Farm argues that the definition of "Confidential information" should include "personal information" because State Farm, as an insurer and employer, is the recipient of third parties' sensitive personal data. (ECF No. 35 at 13); (ECF No. 42 at 10). Plaintiffs argue that the term "personal information" is too broad and speculate that State Farm will use the term to withhold information without a privilege log. (ECF No. 38 at 8-9). Plaintiffs misunderstand the purpose of a blanket protective order, which is intended to facilitate the exchange of confidential information, not give a party a way to avoid responding to discovery requests. The Court will require that the parties' stipulated protective order include State Farm's version of the definition of confidential information.

### C.  Marking documents confidential.

State Farm argues that the protective order should allow the parties to mark materials either "CONFIDENTIAL, TRADE SECRET, [or] SUBJECT TO PROTECTIVE ORDER" depending on the category of material. (ECF No. 35 at 6). Plaintiffs argue that the protective order should only allow the parties to mark documents "CONFIDENTIAL" and request that the protective order require that every page of a confidential document be marked as confidential. (ECF No. 38 at 9). State Farm replies that it does not find Plaintiffs' changes unreasonable. (ECF No. 42 at 10).

The Court finds that marking documents "CONFIDENTIAL" rather than differentiating based on the category of document is appropriate here because it will avoid disputes over whether documents are marked with the appropriate category. The Court will also grant Plaintiffs' request that every page of a confidential document be marked confidential. The parties must incorporate these provisions into their stipulated protective order.

### D.  Designating deposition testimony as confidential.

Plaintiffs argue that the deadline to designate certain portions of deposition testimony as confidential should be triggered by the end of the deposition and not by the parties' receipt of the deposition transcript. (ECF No. 38 at 10-11). Plaintiffs argue that this is because it is possible that neither party will order the transcript, resulting in an indefinite deadline. (*Id.*). State Farm

explains that it does not oppose this change. The Court will thus require that the parties' stipulated protective order include Plaintiffs' proposed language regarding this provision.

### E. Designating deposition testimony as confidential before the deposition.

Plaintiffs argue that the protective order should not include language allowing a party to designate a deposition as confidential before the deposition takes place. (ECF No. 38 at 11-12). State Farm argues that depositions of expert witnesses or Rule 30(b)(6) witnesses are mostly comprised of confidential information and so, it should be allowed to designate the deposition as confidential in advance. (ECF No. 42 at 11). The Court sees no reason why the parties would be unable to follow the post-deposition designation process outlined above for expert witnesses or 30(b)(6) witnesses. The Court declines to allow for two methods of designating deposition transcripts as confidential and thus create more opportunities for disagreement amongst the parties. The parties' stipulated protective order must not provide for pre-deposition designations.

### F. Inadvertent disclosures.

State Farm proposes the following language to be included in the provision of the protective order addressing inadvertent disclosures of confidential documents:

> The inadvertent or unintentional disclosure by STATE FARM of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of STATE FARM's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after STATE FARM becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by STATE FARM of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work

> product, or other protection or immunity from discovery by STATE FARM in this or any subsequent state or federal proceeding pursuant to NRS 49.095 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by STATE FARM, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

(ECF No. 35-1 at 4-5).

Plaintiffs argue that the protective order should provide for a seven day deadline, rather than three. (ECF No. 38 at 13-14). Plaintiffs add that if State Farm makes an inadvertent disclosure of confidential information, State Farm's claim that the documents are confidential should be waived. (*Id.*). And Plaintiffs argue that State Farm's proposed language would put the onus on Plaintiffs to determine if they have received confidential information. (*Id.*).

The Court agrees with Plaintiffs that seven days is a more workable timeframe. The Court will require that the parties' stipulated protective order provide for seven days for the recipient of documents to destroy non-designated documents and seven days for the recipient to inform the producer that it has destroyed the documents. However, the remainder of Plaintiffs' arguments are without merit.

Plaintiffs argue it would be "contrary to Nevada law" if the protective order did not provide that an inadvertent disclosure waives confidentiality. Plaintiffs do not cite to any law or provide any further analysis. The Court does not find it necessary or appropriate to include language mandating that an inadvertent disclosure of confidential information waives the confidential nature of the document in the protective order. If Plaintiffs believe that a party has waived confidentiality through disclosure of certain documents, they can move for that relief at that time.

Plaintiffs' argument that State Farm's proposed language would put the burden on Plaintiffs to determine whether they have received confidential documents ignores the language of State Farm's proposed protective order. That language clearly puts the burden on State Farm. It states "[a]ny such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL…as soon as reasonably practicable *after STATE FARM becomes aware* of the

erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order." (ECF No. 35-1 at 4) (emphasis added).  The language then provides, albeit not directly, that State Farm will then send documents that are properly designated to the parties that received the inadvertently non-designated documents.  (*Id.*).  Based on this language, Plaintiffs are not obligated to do anything other than destroy confidential documents that lack the proper designation.  The Court will thus require that the parties include the language that State Farm proposes in their stipulated protective order.  The only change the parties must make to that language is to change the three-day deadlines to seven days.

### G. *Disclosure of protected materials.*

Plaintiffs argue that the following provision is "contrary to Nevada law" because it would allow State Farm to disclose documents to third parties "without any risk of losing said protections in this case." (ECF No. 38 at 14).

> Nothing in this Protective Order shall prevent or restrict counsel for STATE FARM from inspecting, reviewing, using, or disclosing the information designated as CONFIDENTIAL…. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Protective Order.

(ECF No. 38 at 14).

Plaintiffs provide no authority why State Farm cannot share *its own information* with another party without waiving the confidentiality of that information for the purposes of this litigation.  The stipulated protective order must include the language State Farm has proposed.

### H. *Binding non-parties.*

State Farm proposes the following language regarding disclosure of confidential information to third parties:

> Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for STATE FARM upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 9(h) and/or 11 of this Protective Order.

(ECF No. 35-1 at 5).

Plaintiffs take issue with the language State Farm includes providing that, if counsel for any party shares confidential information with a third party, that third party must sign an agreement to be bound by the terms of the protective order. (ECF No. 39 at 14-15). Plaintiffs argue, again with no support, that "there is no basis for compelling non-parties to become parties to the protective order." (*Id.*). Plaintiffs also argue that State Farm's proposal that counsel maintain a list of all persons to whom counsel has disclosed confidential information so that State Farm may inspect it upon Court order "undermines the protections in place protecting the identity of consultants employed in connection with the case." (*Id.*). State Farm argues that this provision is necessary so that its confidential information reaches the hands of only those persons necessary to prosecute Plaintiffs' case. (ECF No. 42 at 12-13).

State Farm has the better argument. Requirements in protective orders that third parties who receive confidential information sign an agreement to follow the terms of the protective order governing discovery in the case are common. *See Tomahawk Manufacturing, Inc. v. Spherical Industries, Inc.*, 344 F.R.D. 468, 471 (D. Nev. 2023) (explaining that "blanket protective orders often include carveouts to enable experts or consultants to access sensitive information upon *agreeing to be bound by the terms of that blanket protective order*") (emphasis added); *see Satmodo, LLC v. Whenever Communications, LLC*, No. 3:17-cv-00192-AJB-NLS, 2018 WL 1071707, at *7-10 (S.D. Cal. Feb. 27, 2018) (entering a blanket protective order including an agreement to be bound to individuals, including professional vendors and experts, to whom the parties disclose confidential information). And State Farm is not suggesting that Plaintiffs provide the list of individuals to whom they have provided confidential information on demand. Instead, State Farm's proposed language explicitly states that State Farm may only review that list "for good cause shown" and "upon order of the Court." The parties' stipulated protective order must include the language proposed by State Farm governing the agreement to be bound.

### I. *Protecting confidential materials.*

Both Plaintiff and State Farm propose language governing using confidential information in filings and Court proceedings. (ECF No 39 at 16). The Court declines to grant either parties' proposed language and will instead require that the parties' stipulated protective order include the below language:

> The Court has adopted electronic filing procedures. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).
>
> The Court has approved the instant protective order to facilitate discovery exchanges, but there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.
>
> All motions to seal shall address the standards articulated in *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and explain why those standards have been met. Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097. There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id*. "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (citing Fed.R.Civ.P. 26(c)). "For good cause to exist,

the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

### J. *Return or destruction of confidential materials.*

State Farm proposes a provision that would require parties who have received confidential information during the litigation to destroy or return that information within thirty-five days of the conclusion of this matter. (ECF No. 35 at 11). That provision would also require that counsel who has provided confidential information to another person have seven days after the conclusion of this matter to inform parties who have received confidential material to destroy it. (*Id.*). Plaintiffs respond and take no issue with those provisions. (ECF No. 38 at 17). Instead, they take issue with the sentence stating "[t]o the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case this requirement is not intended to require STATE FARM to return or destroy any documents that it is otherwise required by law to maintain." (*Id.*). Plaintiffs assert that the sentence should be removed so that both sides are allowed to retain documents that they are required to by law (for example, Plaintiffs' counsel's seven-year retention policy). (*Id.*). State Farm responds that Plaintiffs' counsel "has not stated *why* she has an ethical obligation to maintain [State Farm's] Standard Claims Processes,

Jurisdictional Reference, and Auto Claim Manual for a period of 7 years." (ECF No. 42 at 13) (emphasis in original).

The Court changes the disputed sentence as follows:

> To the extent that this Protective Order requires the destruction or return of designated documents at the conclusion of this case which a party believes it is required to retain either by law or by ethical obligations, the party wishing to retain the designated documents must meet and confer with the designating party regarding that retention within thirty-five days of the final determination of this action. If the parties cannot agree regarding whether the party wishing to retain the information may do so, the parties may file the appropriate motion.

The Court does not change any other portion of the provision because it appears that the parties never disputed it—other than the sentence above—in the first place.

**IT IS THEREFORE ORDERED** that State Farm's motion for a protective order (ECF No. 35) is **granted in part and denied in part.** The Court grants State Farm's request that the Court find a protective order appropriate. The Court denies State Farm's request that the Court enter State Farm's exact proposed terms.

**IT IS FURTHER ORDERED** that the parties must meet and confer and stipulate to a protective order governing the exchange of discovery including the language outlined herein. The parties must file their stipulated protective order on or before **July 8, 2024.** If the parties cannot agree to a stipulated protective order, they may file the appropriate motion. **The Court may require the losing party to pay the winning party's attorneys' fees if the parties are unable to stipulate to a protective order and must move for Court intervention.**

**IT IS FURTHER ORDERED** that Plaintiffs' countermotion to compel (ECF No. 39) is **denied as moot.**

DATED: June 10, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE